**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
          :
TECON OIL SERVICES LIMITED,     :   No. 07-CIV-4698 (MGC)
          :
       Plaintiff,     :   **ELECTRONICALLY FILED**
          :
   -against-     :
          :
BAYERISCHE HYPO- UND VEREINSBANK;  :
OLUWOLE OGBONYOMI; APF CAPITAL    :
MANAGEMENT, LLC; ASSET PLUS     :
FINANCE LLC; HARRY SCHARPING; and   :
HAGAMA VERTRIEB GMBH,     :
          :
       Defendants.    :
------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT BAYERISCHE HYPO- UND
## <u>VEREINSBANK AG'S MOTION TO DISMISS</u>

Paul R. Niehaus (PN-3994)
NIEHAUS LLP
230 Park Avenue
10th Floor
New York, NY  10169
(212) 551-1445

Dana M. Richens (DR-5991)
Rachel King Powell (RP-8718)
SMITH, GAMBRELL & RUSSELL, LLP
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 815-3500
*Pro Hac Vice Motions Pending*

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...............................................................................................1

II.     BACKGROUND FACTS AND PROCEDURAL HISTORY ............................................1

III.    ARGUMENT AND CITATION OF AUTHORITY ........................................................4

      A.      Plaintiff's Complaint Should Be Dismissed Because
           It Is Duplicative of Plaintiff's First-Filed Suit In Georgia...................................5

      B.      Plaintiffs' Complaint Fails to Meet the Pleading
           Requirements of Rule 8 and Fails to State a Claim
           Upon Which Relief Can Be Granted Under Rule 12(b)(6)...................................8

           1.   The Complaint Fails to Meet the
               Pleading Requirements of Rule 8 ...................................................8

           2.   The Complaint Fails to State a
               Claim Upon Which Relief Can Be Granted ................................10

               a. Plaintiff Fails to State a
                  Claim for Breach of Contract Against the Bank.......................11

               b. Plaintiff Fails to State a Claim for Fraud Against the Bank ...................11

               c. Plaintiff's Claims for Conversion, Tortious
                  Interference, Negligence and Conspiracy
                  Are Barred By the Statute of Limitations ................................12

      C.      Alternatively, If The Complaint Is Not
            Dismissed, The Bank Is Entitled To A More
            Definitive Statement Pursuant To Rule 12(e) ....................................................14

IV.     CONCLUSION................................................................................................17

# TABLE OF AUTHORITIES

## CASES

Adam v. Jacobs, 950 F.2d 89 (2d Cir. 1991) ...............................................................5

Appalachian Enters., Inc. v. ePayment Solutions Ltd., No. 01CV11502 (GBD), 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ...........................................................9, 10

Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704 (2d Cir. 2002)....................................13

Commer v. Am. Fed. of State, County & Mun. Employees, 272 F. Supp. 2d 332 (S.D.N.Y. 2003)........................................................................................................5, 6

Curtis v. Citibank, N.A., 226 F.3d 133 (2d Cir. 2000) ...........................................5, 6, 8

Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs. Inc., 949 F. Supp. 1123 (S.D.N.Y. 1997)..............................................................................................................7

Faulkner v. Verizon Communications, Inc., 156 F. Supp. 2d 384 (S.D.N.Y. 2001)..............................................................................................................2

First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76 (2d Cir. 1989) ..................5

Gianakakos v. Commodore Home Sys., Inc., 727 N.Y.S.2d 806 (3d Dep't 2001) ......................14

Humphreys v. Nager, 962 F. Supp. 347 (E.D.N.Y. 1997)...............................................15

Hunt v. Enzo Biochem, Inc., 471 F. Supp. 2d 390 (S.D.N.Y. 2006)........................11, 13

In re Allstate Ins. Co. & Solarz, 81 N.Y.2d 219 (1993) ................................................11

In re Livent, Inc. Sec. Litig., 78 F.Supp.2d 194 (S.D.N.Y. 1999).................................12

In re Terrorist Attacks on September 11, 2001, 464 F. Supp. 2d 335 (S.D.N.Y. 2006)..............................................................................................................8

Jones v. Community Bank of Sullivan County, 762 N.Y.S.2d 133 (3d Dep't 2003)....................14

Kelly v. L.L. Cool J., 145 F.R.D. 32 (S.D.N.Y. 1992) ........................................9, 14, 15

Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180 (1952) ...........................5

Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531 (2d Cir.1997) ...........11

Malmsteen v. Berdon, LLP, 477 F. Supp. 2d 655 (S.D.N.Y. 2007)........................11, 12

Novak v. Kasaks, 216 F.3d 300 (2d Cir. 2000) ........................................................11, 12

Pelman v. McDonald's Corp., 396 F. Supp. 2d 439 (S.D.N.Y. 2005)..........................15

Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000)................................................................2

Seippel v. Jenkens & Gilchrist, P.C., 341 F. Supp. 2d 363 (S.D.N.Y. 2004)................13

5-Star Mgmt., Inc. v. Rogers, 940 F. Supp. 512 (E.D.N.Y. 1996) ..................................2

Swiekiewicz v. Sorema N.A., 534 U.S. 506 (2002) ......................................................9, 10

Syms v. Olin Corp, Nos. 04-CIV-316A(F) & 00-CV-732A(F),
2006 WL 3827433 (S.D.N.Y. Dec. 22, 2006) ..................................................................6

Taylor v. Rhode Island Dep't of Corr., No. 3:05CV747(DJS), 2005 WL 1862380
(July 22, 2005) ...................................................................................................................7

Trustforte Corp. v. Eisen, 814 N.Y.S.2d 565 (Sup. Ct. New York Co. 2005)..............14

## STATUTES

28 U.S.C. § 1332...............................................................................................................1

28 U.S.C. § 1441...............................................................................................................1

28 U.S.C. § 1446...............................................................................................................1

CPLR § 202......................................................................................................................13

CPLR § 214(3).................................................................................................................14

CPLR § 214(4).................................................................................................................14

## RULES

Fed. R. Civ. P. 8 ....................................................................................................1, 8, 9, 10

Fed. R. Civ. P. 8(a)(2)......................................................................................................9

Fed. R. Civ. P. 9(b) ...........................................................................................1, 3, 11, 12

Fed. R. Civ. P. 12(b)(6)............................................................................1, 3, 8, 9, 11, 13, 15

Fed. R. Civ. P. 12(e) ...........................................................................................1, 4, 15, 16

## **OTHER AUTHORITIES**

5A Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure § 1297 (3d ed. 2004) ..................................................11

5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1363 (3d ed. 2004).8

5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure
§ 1376 (3d ed. 2004) ....................................................................................................15

# I. __INTRODUCTION__

This case represents a brazen attempt by Plaintiff Tecon Oil Services Limited to avoid an adverse ruling against it in a first-filed case currently pending in another federal district court and the consequences of its delay in its failure to prosecute that first-filed case. Plaintiff has already sued Defendant Bayerische Hypo- und Vereinsbank AG (the "Bank") based on the same allegations as in the case at bar, and its efforts to re-start the case in New York should not be countenanced. Plaintiff's Complaint should be dismissed under the Second Circuit's first-filed or prior pending action rule, in favor of the action currently pending in the United States District Court for the Northern District of Georgia.

Further, pursuant to Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint against the Bank must be dismissed because (1) the Complaint fails to provide notice of the basic events and circumstances of which the Plaintiff complains; and (2) Plaintiff has failed to state a claim upon which relief can be granted as to the Bank and failed to state its fraud claim with particularity. In the alternative, pursuant to Rule 12(e), the Bank seeks a more definitive statement as to the claims against the Bank.

# II. __BACKGROUND FACTS AND PROCEDURAL HISTORY__

Plaintiff Tecon Oil Services Limited filed its Complaint in this matter in the Supreme Court of the State of New York, New York County on May 3, 2007 (the "Complaint"). After being served with the summons and Complaint on May 15, 2007, the Bank removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on June 4, 2007.

However, this suit represents the second suit that Plaintiff has brought on the very same facts and claims now asserted. On March 31, 2006, Plaintiff filed a nearly identical suit in the

United States District Court for the Northern District of Georgia, Civil Action No. 1:05-CV-656 (JOF) (the "Georgia Action").[1]

In the Georgia Action, Plaintiff sued four of the six defendants it sues in this action:  the Bank, Oluwole Ogbonyomi, APF Capital Management, LLC and Asset Plus Finance, LLC.  A comparison of the complaints in the Georgia Action and the case at bar reveals that Plaintiff's allegations in the Georgia Action are nearly identical to its allegations in the case at bar.  For example, in both paragraph 8 of the Complaint in this case and paragraph 8 of the complaint in the Georgia Action, Plaintiff alleges that it had a series of meetings in March 2003 for the purpose of obtaining an operating loan to procure tools and equipment to fulfill certain contracts (although Plaintiff does not allege any party with whom it met).  See Complaint ¶ 8; Exhibit 1, ¶ 8.  In both paragraph 11 of the Complaint in this case and paragraph 11 of the complaint in the Georgia Action, Plaintiff alleges that its Chief Executive Officer executed a contract in Atlanta, Georgia in connection with the alleged loan (although Plaintiff does not identify any other contracting party in the Complaint in this case).  See Complaint ¶ 11; Exhibit 1, ¶ 11.  In paragraphs 14 through 21 of both the Complaint in this case and the complaint in the Georgia Action, Plaintiff alleges that it sought to have disbursed to it through wire transfers either loan proceeds or escrowed funds, although the allegations are not completely clear.  See Complaint ¶¶ 14-21; Exhibit 1, ¶¶ 14-21.  In both the Complaint in this case and the complaint in the Georgia

---

[1]    A court may take judicial notice of pleadings filed in other lawsuits and attached to a motion to dismiss as a matter of public record.  See Faulkner v. Verizon Commc'ns, Inc., 156 F. Supp. 2d 384, 391 (S.D.N.Y. 2001) (courts "may take judicial notice of pleadings in other lawsuits attached to the defendants' motion to dismiss . . . as a matter of public record"); see also Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000); 5-Star Mgmt., Inc. v. Rogers, 940 F. Supp. 512, 518 (E.D.N.Y. 1996).

A copy of the complaint in the Georgia Action is attached to this Memorandum of Law as Exhibit 1.

Action, Plaintiff pleads each cause of action against the defendants, in the aggregate, and in unspecific single statements.  See Complaint ¶ 22; Exhibit 1, ¶¶ 23-27.  Moreover, although Plaintiff has added as defendants in this case Harry Scharping and Hagama Vertrieb GmbH, Plaintiff included almost the same allegations against Mr. Scharping and Hagama Vertrieb GmbH in the Georgia Action as it includes in this case.  See Complaint ¶¶ 10, 14-15, 19; Exhibit 1, ¶¶ 14-15, 20.

After filing its complaint in the Georgia Action, Plaintiff served Defendant Oluwole Ogbonyomi, and he filed an answer in the Georgia Action, denying Plaintiff's claims.  There is no indication in the record in the Georgia Action that Plaintiff served APF Capital Management, LLC or Asset Plus Finance, LLC.

Plaintiff purported to serve the Bank in the Georgia Action through service by certified mail to a Bank subsidiary, HVB Capital Management, Inc.  Following the purported service of the complaint, on May 8, 2006, the Bank filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), and for insufficiency of service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff did not respond to the Bank's motion to dismiss.

While the motion to dismiss was pending, counsel for Plaintiff and counsel for the Bank submitted to the court a Joint Preliminary Report and Discovery Schedule, required by Local Rule 16.2 of the United States District Court for the Northern District of Georgia.  The court in the Georgia Action approved the Joint Preliminary Report and Discovery Schedule on July 31, 2006, providing for eight months of discovery in the case.

On October 13, 2006, the Georgia court granted the Bank's motion to dismiss.[2] The court noted that, as of that date, Plaintiff had still not responded to the Bank's motion to dismiss. The court held that Plaintiff had failed to properly serve the Bank under either Georgia law or New York law, rendering it unnecessary for the court to address the Bank's arguments that Plaintiff had failed to state a claim against it.

The Georgia Action remains open and pending, although no party – including Plaintiff – has filed any pleadings in the case since the court granted the Bank's motion to dismiss. Plaintiff has apparently abandoned that litigation, seeking to avoid the consequences of its failure to respond in any way to the Bank's motion to dismiss, its continued failure to properly serve the Bank in the Georgia Action even after being put on notice of the failure by the Bank's motion to dismiss and its failure to diligently prosecute that action.

It is against this procedural backdrop that Plaintiff filed the second action, in the Supreme Court of New York, which the Bank removed to this Court.

### III.  ARGUMENT AND CITATION OF AUTHORITY

The Complaint should be dismissed under the Second Circuit's first-filed or prior pending action rule, in favor of the Georgia Action. Further, the Complaint should be dismissed on grounds that it fails to provide notice of the basic events and circumstances of which Plaintiff complains and because Plaintiff has failed to state a claim upon which relief can be granted as to the Bank and failed to state its fraud claim with particularity. In the alternative, pursuant to Rule 12(e), the Bank seeks a more definitive statement as to the claims against the Bank.

---

[2]    A copy of the order granting the Bank's motion to dismiss is attached to this Memorandum of Law as Exhibit 2.

**A.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF PLAINTIFF'S FIRST-FILED SUIT IN GEORGIA.**

As an initial matter, this case should be dismissed outright because it is duplicative of Plaintiff's first suit in the United States District Court for the Northern District of Georgia. That case involves exactly the same issues and most of the same parties as are before this Court in the case at bar and remains pending.

"It in the interest of the Court to avoid 'duplicative litigations.'" Commer v. Am. Fed. of State, County & Mun. Employees, 272 F. Supp. 2d 332, 339 (S.D.N.Y. 2003) (quoting First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 80 (2d Cir. 1989)). "To have multiple suits pending between the same parties on the same issues wastes judicial resources and risks inconsistent rulings." Id. (citation omitted). "To decide venue between two or more lawsuits concerning the same parties and issues pending in two federal districts, the Second Circuit employs the 'first-filed' rule, which generally affords priority to the first-filed suit when courts choose which suit to permit to go forward." Id. (internal marks and citation omitted).

"The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)). "The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

A plaintiff may not commence a duplicative action to avoid negative consequences as a result of his delay or vacillation in the first-filed case. In Curtis, the plaintiffs filed an action for racial discrimination against their employer, later filing a first amended complaint with leave of the court. Id. at 136. The plaintiffs requested leave of the court to file a second amended complaint "two months after the close of discovery, more than a year after the deadline for

5

amending the complaint, and after the magistrate judge specifically had forbidden further amendments to the complaint except for good cause." Id. at 140. The magistrate judge denied plaintiffs leave to amend, and denied a subsequent request for consideration. Id. at 137-38. After appealing the magistrate's judge decision to the district court, plaintiffs filed their proposed second amended complaint as a new, second action. Id. at 138. The district court then dismissed the second action as duplicative of the first-filed action. Id.

The Second Circuit affirmed the dismissal of the second action as to all claims that occurred before the filing of the first amended complaint. Id. at 140-41. The court held that the district court properly dismissed all claims arising out of the same events as alleged in the first-filed claim. Id. at 140. The court noted that "much of the second amended complaint alleges events that had occurred prior to the [first action's] filing." Moreover, "[i]f plaintiffs had timely raised those allegations, they would have been timely heard in [the first-filed action]." Id. "By filing them in the second action, plaintiffs attempted to avoid the consequences of their delay." Id.

This Court has applied the first-filed rule to dismiss duplicative cases and claims. In Commer, a plaintiff filed numerous actions in this Court pertaining to his removal as president of a union chapter, including a case in 2000, asserting a claim for, inter alia, violation of Section 101 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"). 272 F. Supp. 2d at 334-35, 338. The plaintiff then filed an action in 2002, also asserting claims under the Section 101 of the LMRDA. This Court dismissed the plaintiff's claim under Section 101 in the 2002 action, because the same claim was pending against the same defendant in the 2000 action, citing in support the first-filed rule. Id. at 338-39. See also Syms v. Olin Corp, Nos. 04-CIV-316A(F) & 00-CV-732A(F), 2006 WL 3827433, *1 (S.D.N.Y. Dec. 22, 2006) (dismissing all

claims in second case as duplicative of the claims asserted in a first case, under the first-filed doctrine).

Moreover, the addition of two defendants in this case not named as defendants in the Georgia Action does not prevent the dismissal of this action.  Neither the addition of defendants nor the expansion of claims is dispositive to the court's decision to dismiss a suit due to a prior pending action.  Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs. Inc., 949 F. Supp. 1123, 1127 (S.D.N.Y. 1997) (citation omitted).  "Courts have repeatedly held that parties and issues need not be identical in order for one action to be stayed or dismissed in deference to an earlier action."  Id. (internal marks and citation omitted).  Applying these principles, courts in this circuit have dismissed later-filed cases against defendants who were not named in a first filed case.  See Taylor v. Rhode Island Dep't of Corr., No. 3:05CV747(DJS), 2005 WL 1862380, *2 (July 22, 2005) (even where additional defendants were named in second suit, dismissing second suit in favor of first-filed suit under prior pending action doctrine).

Plaintiff in this case has filed its Complaint in New York to avoid pursuing the Georgia Action, which is currently pending.  The Complaint in this case does not contain any new allegations against the Bank – or any other defendant for that matter – or assert any claim that arose out of events occurring after Plaintiff filed the Georgia Action.  (Indeed, even though Plaintiff has named two additional parties in the case at bar, all of the allegations against those parties were pleaded in the first-filed action.)  The parties in the Georgia Action filed the required discovery plan, which the court approved.  Defendant Ogbonyomi answered the complaint in the Georgia Action.  Under these circumstances, this case should be dismissed in order to protect the Bank and the other defendants from "the vexation of concurrent litigation

7

over the same subject matter" and in the interest of judicial economy.  See Curtis, 226 F.3d at

138.

**B.    PLAINTIFF'S COMPLAINT FAILS TO MEET THE PLEADING REQUIREMENTS OF RULE 8 AND FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER RULE 12(b)(6).**

Plaintiff's Complaint contains five claims against the Bank and the other Defendants in

this case, "individually and collectively," for breach of contract, fraud, conversion, tortious

interference with business relations and conspiracy.  See Complaint, ¶ 22.  Additionally,

Plaintiff's Complaint sets out two additional claims solely against the Bank, for negligence and

for "[f]ailure to operate in accordance to established international banking practices and

standards."  Id. ¶ 23.

The Complaint fails to meet the requirements of Federal Rule of Civil Procedure 8,

because it does not provide the Bank fair notice of Plaintiff's claims against it.  Moreover, even

if the Complaint did meet the requirements of Rule 8, as to each claim, the Complaint fails to

state a claim upon which relief can be granted, and should be dismissed under Federal Rule of

Civil Procedure 12(b)(6).

**1.    The Complaint Fails to Meet the Pleading Requirements of Rule 8.**

"A Rule 12(b)(6) motion is reviewed in the context of the requirements of Rule 8 of the

Federal Rules of Civil Procedure."  In re Terrorist Attacks on September 11, 2001, 464 F. Supp.

2d 335, 339 (S.D.N.Y. 2006).  A defendant may base a Rule 12(b)(6) motion on a challenge to

the sufficiency of the pleading under Rule 8(a)(2).  See 5C Wright & Miller, Federal Practice and

Procedure § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief

under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations

omitted).

Rule 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To satisfy the simplified notice pleading standard of Fed. R. Civ. P. 8, the complaint must merely 'give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests.'" Appalachian Enters., Inc. v. ePayment Solutions Ltd., No. 01 CV 11502 (GBD), 2004 WL 2813121, *7 (S.D.N.Y. Dec. 8. 2004) (quoting Swiekiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). "A plaintiff fails to satisfy Rule 8 where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong." Id. (internal marks and citations omitted). A court may dismiss claims under Rule 8 for failing to support the claims with any facts, even where a "claim is so lacking in factual support that the Court cannot determine which state's law applies," as may be the case here. Kelly v. L.L. Cool J., 145 F.R.D. 32, 39 & n.10 (S.D.N.Y. 1992) (dismissing conspiracy claim under Rule 8 because the plaintiff failed to support the claim with any facts, although the court could not determine what law to apply).

In Appalachian Enterprises, the plaintiff sued 17 defendants for, *inter alia*, fraud, breach of contract and conspiracy. Id. at *1, 6. Certain defendants moved to dismiss the complaint for failure to comply with Rule 8(a)(2). Although the plaintiff contended that the defendants conspired to defraud him, the complaint did not contain any specific allegations regarding the existence of a conspiracy amongst the defendants. Id. In fact, the complaint did not even "set forth a general allegation that the defendants had entered into any kind of agreement with each other." Id. Further, "plaintiff pled a cause of action for breach of contract without even alleging the identity of its contracting party." Id. Therefore, the Court granted the motion, concluding that the complaint failed to meet even "the lenient pleading requirements of Rule 8." Id. at *7.

9

In the case at bar, Plaintiff has not alleged facts that show it would be entitled to recover against the Bank for any of its asserted causes of action.  Although the Complaint alleges causes of action against the Bank for breach of contract, fraud, conversion, tortious interference, conspiracy and negligence, it does not allege a single act of the Bank supporting any of those claims.  For example, Plaintiff alleges in one word a cause of action for "conspiracy," but like the plaintiff in <u>Appalachian Enterprises</u>, does not even allege any agreement among any of the Defendants.  Like the plaintiff in <u>Appalachian Enterprises</u>, Plaintiff alleges a breach of contract, but does not identify with whom it contracted or describe the breach alleged.  Plaintiff alleges negligence but the Complaint does not contain any allegations as to any duty the Bank owed Plaintiff or even the relationship between the Bank and Plaintiff giving rise to any duty.  The only act by the Bank specifically alleged anywhere in the Complaint is in paragraph 20, wherein Plaintiff alleges that the Bank informed Plaintiff's local bank that a certain wire transfer that Defendant Harry Scharping advised he would arrange did not exist.

The Complaint is wholly insufficient to put the Bank on notice of grounds upon which Plaintiff's claims rest.  <u>See</u> <u>Swiekiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002).  Therefore, the Complaint should be dismissed for failure to meet the requirements of Rule 8.

**2.       The Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

Although the paucity of Plaintiff's Complaint makes it somewhat difficult to apply choice-of-law principles and statutes of limitations, it is clear that each of Plaintiff's claims against the Bank fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

a.  *Plaintiff Fails to State a Claim for Breach of Contract Against the Bank.*

Plaintiff has not alleged that the Bank was a party to the only contract mentioned in the Complaint, a "Loan and Security Agreement," either in the Complaint in this case or in the complaint in the Georgia Action.  See Exhibit 1, ¶ 11 (alleging Plaintiff's CEO "signed a loan and security agreement" and that "Defendant Ogbonyomi also signed the agreement").  It is axiomatic that one cannot breach a contract to which one is not a party.  Moreover, nowhere in its Complaint does Plaintiff point to any provision of any contract that the Bank – or any Defendant – breached.  Thus, Plaintiff has failed to state a claim against the Bank for breach of contract, and the breach of contract claim must be dismissed as to the Bank.

b.  *Plaintiff Fails to State a Claim for Fraud Against the Bank.*

Fraud allegations must comply with the heightened pleading standards of Rule 9(b), which requires averments of fraud to be "stated with particularity."  Malmsteen v. Berdon, LLP, 477 F. Supp. 2d 655, 664 (S.D.N.Y. 2007) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297 (3d ed. 2004) ("Rule 9(b) is a special pleading requirement, . . . [which] govern[s] in all civil actions, including all suits in which subject matter jurisdiction is based on diversity of citizenship [and] . . . the law of the state in which the district court sits will control the content of the elements of a fraud claim.")).  The Second Circuit has held this rule to require allegations that "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  Id. (citing Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir. 2000)).  Where there are multiple defendants, the plaintiff must plead fraud with particularity as to each defendant who allegedly made misrepresentations.  Id. (citations omitted).  See also In re Livent, Inc. Sec. Litig., 78 F. Supp. 2d 194, 213 (S.D.N.Y. 1999)

11

("[Fraud] claim may not rely upon blanket references to acts or omissions by all of the defendants, for each defendant named in the complaint is entitled to be appraised of the circumstances surrounding the fraudulent conduct with which he individually stands charged.").

As to the Bank, the Complaint is completely devoid of any allegations of fraud. The only purported statement by the Bank contained in the Complaint is in paragraph 20, wherein Plaintiff alleges that the Bank informed Plaintiff's local bank that a certain wire transfer that Defendant Harry Scharping advised he would arrange did not exist. The Complaint does not claim that the statement was fraudulent. Indeed, the Complaint does not specify any statements or omissions that Plaintiff contends were fraudulent, identify the speaker, state where and when the statements or omissions were made or explain why the statements or omissions were fraudulent, as required by the Second Circuit. See Novak, 216 F.3d at 306; see also Malmsteen, 477 F. Supp. 2d at 664 (dismissing fraud claim for failure to comply with Rule 9(b) because the plaintiff's bare allegation that "defendants continually assured plaintiff that all of his money was being collected, accounted for and disbursed" neither describes any specific statements, states when or where such statements were made, nor identifies which of the several defendants made the allegedly fraudulent statements).

Plaintiff's fraud allegations do not meet the standards for notice pleading, let alone the heightened pleading standards of Rule 9(b). Therefore, Plaintiff's fraud claim must be dismissed as to the Bank.

> c.    *Plaintiff's Claims for Conversion, Tortious Interference, Negligence and Conspiracy Are Barred By the Statute of Limitations.*

Plaintiff's claims for conversion, tortious interference, negligence and conspiracy are time-barred and should be dismissed.

Under New York's borrowing statute, where a non-resident plaintiff sues based upon a cause of action accrued outside New York, the court applies the *shorter* limitations period of either New York or the state where the cause of action accrued.  Hunt v. Enzo Biochem, Inc., 471 F. Supp. 2d 390, 399 (S.D.N.Y. 2006); CPLR § 202.  Plaintiff's claims for conversion, tortious interference, negligence and conspiracy are barred by New York's three-year statute of limitations and must be dismissed pursuant to Federal Rule 12(b)(6).[3]

The last event alleged in the Complaint occurred on February 25, 2004.  See Complaint, ¶ 19.  According to Plaintiff, Harry Scharping advised he would wire the balance of an alleged escrow account to Plaintiff via a wire transfer on February 25, 2004.  That transfer did not arrive.

---

[3]    In this case, it is all but impossible to determine what law applies.  Generally, a cause of action accrues in the place of the injury, and where the injury is purely economic, the place of injury is usually where the plaintiff resides and sustains the economic impact of the loss.  Hunt, 471 F. Supp. 2d at 399 (citation omitted).  "New York follows the traditional definition of accrual – a cause of action accrues at the time and in the place of the injury."  Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 710 (2d Cir. 2002) (citation omitted).

Plaintiff is a Nigerian corporation, although Plaintiff has not alleged the location of its principal place of business sufficient to determine where it would sustain economic loss.  See Complaint, ¶ 1.  The events alleged in the Complaint could have occurred in any of three places: Nigeria, Germany or the State of Georgia.  However, even if Plaintiff brought its claims within the time allowed by Nigerian, German or Georgia law, to the extent the laws of any of those places apply, Plaintiff must have brought its claims within the New York period of limitations.  See Seippel v. Jenkens & Gilchrist, P.C., 341 F. Supp. 2d 363, 374-76 (S.D.N.Y. 2004) (dismissing claim because plaintiff failed to satisfy New York statute of limitations, even where plaintiff resided outside New York).  In other words, if the statute of limitations where the cause of action accrued is longer than three years, the claim still fails by virtue of the New York borrowing statute.

Id. ¶¶ 19-20.  Therefore, any alleged acts of the Defendants constituting the claims contained in the Complaint must have occurred on or prior to February 25, 2004.  Put another way, whatever injury Plaintiff alleges in the Complaint must have occurred – and been discovered by Plaintiff – at the latest when Plaintiff did not received the wire transfer promised by Mr. Scharping on February 25, 2004.

Under New York law, a claim for conversion is governed by a three-year statute of limitations.  CPLR § 214 (3); Jones v. Cmty. Bank of Sullivan County, 762 N.Y.S.2d 133 (3d Dep't 2003).  A claim for tortious interference is also governed by the three-year statute of limitations.  CPLR § 214 (3) & (4); Trustforte Corp. v. Eisen, 814 N.Y.S.2d 565 (Sup. Ct. New York Co. 2005).  Moreover, the statute of limitations for a cause of action sounding in negligence is the same three-year bar.  CPLR § 214 (4); Gianakakos v. Commodore Home Sys., Inc., 727 N.Y.S.2d 806 (3d Dep't 2001).  This three-year bar would apply to both causes of action set forth in paragraph 23 of the Complaint, stated as "[n]egligence" and "[f]ailure to operate in accordance to established international banking practices and standards."  New York law, if it applies, does not recognize a claim for conspiracy,[4] but any such claim would also be barred after three years.  See CPLR § 214 (4) ("The following actions must be commenced within three years: . . .  an action to recover damages for an injury to property except as provided in section 214-c," which is the toxic tort statute of limitations.)

Plaintiff filed its Complaint in this case on May 3, 2007, which is more than three years after the date upon which any injury to Plaintiff occurred, February 25, 2004.  Thus, Plaintiff's claims for conversion, tortious interference, negligence and conspiracy are time-barred.

_____

[4]    Kelly, 145 F.R.D. at 39 n.10.

## C.    ALTERNATIVELY, IF THE COMPLAINT IS NOT DISMISSED, THE BANK IS ENTITLED TO A MORE DEFINITIVE STATEMENT PURSUANT TO RULE 12(e).

Rule 12(e) of the Federal Rules of Civil Procedure provides in pertinent part that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Fed. R. Civ. P. 12(e).  For application of Rule 12(e):

> The pleading must be sufficiently intelligible for the district court to make out one or more potentially viable legal theories on which the claimant might proceed; in other words, the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss.  At the same time, the pleading also must be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself.

Pelman v. McDonald's Corp., 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 311 (3d ed. 2004)) (footnote omitted); Humphreys v. Nager, 962 F. Supp. 347, 352-53 (E.D.N.Y. 1997) ("A 12(b)(6) motion is one made for a failure to state a claim, while a 12(e) motion is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint.").

A Rule 12(e) motion should be granted where a defendant cannot reasonably be expected to admit or deny the allegations.  In Pelham, for example, this Court granted a Rule 12(e) motion for a claim for deceptive trade practice under Section 349 of New York General Business Law. Id. at 446.  The defendant in that case sought, *inter alia*, an identification from the plaintiff as to the advertisements at issue and an explanation as to why they were misleading.  In granting the motion, the Court noted that the defendant could not reasonably admit or deny the allegations without knowing which advertisements were at issue.  Id. at 445.  Additionally, the defendant

could not admit or deny allegations that they were misleading without notice as to why they were misleading. Id. See also Kelly, 145 F.R.D. at 35-37 (granting Rule 12(e) motion as to claim for copyright infringement where plaintiff failed to allege where and when the material was copyrighted).

In the case at bar, the Bank cannot reasonably be expected to admit or deny the allegations as to any of the claims. For example, the Bank can neither admit nor deny that it breached a contract when the Complaint does not allege a contract that the Bank executed. The Bank can neither admit nor deny the fraud claim when the Complaint does not allege what statements comprise the claim. The Bank can neither admit nor deny the tortious interference claim when the Complaint does not allege the relationship at issue or the actions of interference.

Rule 12(e) directs the moving defendant to "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). The Complaint is so deficient that it fails to even allege the most basic aspects of any cause of action. To that end, the Bank requests this Court to require Plaintiff to allege the following:

(i)     with regard to Plaintiff's claim for breach of contract, the contract at issue and the acts of the Bank constituting the breach thereof;

(ii)     with regard to Plaintiff's fraud claim, the statements by the Bank that Plaintiff contends were fraudulent, the identity the speaker, where and when the statements were made, and why the statements were fraudulent;

(iii)     with regard to Plaintiff's conversion claim, the property converted by the Bank and the acts of the Bank constituting conversion;

(iv)     with regard to Plaintiff's tortious interference claim, the acts of the Bank that caused a third party to discontinue or not to enter into a business relationship with Plaintiff and the identity of the third party;

(v)     with regard to Plaintiff's conspiracy claim, the agreement into which the Bank entered and the other parties to the agreement; and

(vi)     with regard to Plaintiff's claims for negligence and "[f]ailure to operate in accordance to established international banking practices and standards," the duty owed to Plaintiff, the acts that constituted a breach thereof, and the "established international banking practice and standards" at issue.

*     *     *

## IV.  **CONCLUSION**

For the foregoing reasons, and pursuant to the first-filed or prior pending action rule and Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6), Defendant Bayerische Hypo- und Vereinsbank AG requests this Court dismiss Plaintiff's Complaint in its entirety, and with prejudice.  Alternatively, Bayerische Hypo- und Vereinsbank AG requests a more definitive statement, pursuant to Rule 12(e).

Dated: June 11, 2007
New York, New York

/s/  Paul R. Niehaus
Paul R. Niehaus (PN-3994)
NIEHAUS LLP
230 Park Avenue
10th Floor
New York, NY 10169
(212) 551-1445

Dana M. Richens (DR-5591)
Rachel King Powell (RP-8718)
SMITH, GAMBRELL & RUSSELL, LLP
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 815-3500
*Pro Hac Vice Motions Pending*

*Attorneys for Defendant*
*Bayerische Hypo- und Vereinsbank AG*