UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 21 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| TECON OIL SERVICES LIMITED, a foreign corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>OLUWOLE OGBONYOMI,<br><br>APF CAPITAL MANAGEMENT, LLC, a domestic corporation,<br><br>ASSET PLUS FINANCE, LLC, a domestic corporation, and<br><br>HYPOVEREINSBANK, a foreign corporation,<br><br>   Defendants. | CIVIL ACTION<br>FILE NO._____<br><br>1:06-CV-0656<br><br>COMPLAINT |

Plaintiff, as and for its Complaint against Defendants, alleges as follows:

3

## JURISDICTION

1.

This action is founded on diversity of citizenship and arises under 28 U.S.C. section 1332.

2.

Plaintiff Tecon Oil Services Limited (hereinafter "Tecon") is a foreign corporation incorporated under the laws of the country of Nigeria, having its principal place of business in Lagos, Nigeria.

3.

Defendant Oluwole Ogbonyomi is an individual who resides and does business in the Northern District of Georgia. His residence address is 1700 Briergate Drive, Duluth, GA 30097, and his business address is 1170 Peachtree Street, Suite 1200, Atlanta GA 30309.

4.

Based upon information and belief, Defendant APF Capital Management, LLC, (hereinafter "APF") is a domestic corporation incorporated under the laws of the state of Georgia, having its principal place of business at 1170 Peachtree Street, Suite 1200, Atlanta, GA 30309.

5.

Defendant Asset Plus Finance, LLC, (hereinafter "Asset Plus") is a domestic corporation incorporated under the laws of the state of Georgia, having its principal place of business at 1170 Peachtree Street, Suite 1200, Atlanta, GA 30309.

6.

Defendant Hypovereinsbank is a German bank doing business in the United States as a corporation incorporated under the laws of the state of Delaware, having its principal place of business in the United States at 150 East 42nd Street, New York, NY 10017.

7.

The Court has original jurisdiction of this action under 28 U.S.C. section 1332 because of diversity of citizenship and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**COMPLAINT**

8.

Executives of Plaintiff Tecon began a series of meetings in March of 2003 for the purpose of obtaining a $16 million operating loan in order to procure oilfield tools and equipment

to fulfill contracts with Shell Oil Company and AGIP Energy Company.

9.

Executives of Plaintiff Tecon first met with Defendants Oluwole Ogbonyomi, APF and Asset Plus on May 28, 2003 for the purpose of securing the loan. Defendants stated that they represented the interests of a German bank that would be willing to extend credit to Plaintiff Tecon. Defendants requested a formal credit application from Plaintiff Tecon.

10.

Defendants Ogbonyomi, APF and Asset Plus received the credit application and later informed Plaintiff Tecon that the application had been accepted by Hypovereinsbank. As a final condition to the $16 million operating loan, however, the bank required an escrow account to be established with Defendant Hypovereinsbank in Hamburg, Germany, into which payments to Plaintiff Tecon from Shell Oil Company would be deposited directly.

11.

On July 24, 2003, in Atlanta, Georgia, Plaintiff Tecon's chief executive officer Casimir Maduafokwa signed a loan and

security agreement to obtain the $16 million operating loan. Defendant Ogbonyomi also signed the agreement.

12.

Shortly after the agreement was signed, Plaintiff Tecon authorized payments received from Shell Oil Company to be deposited, and payments were deposited, into Hypovereinsbank Escrow Account #91-00-28273 (hereinafter "escrow account").

13.

After fulfilling all conditions for the loan agreement, Plaintiff Tecon attempted to gain access to the loan funds from Hypovereinsbank but was unable to do so. Defendant Hypovereinsbank informed Plaintiff Tecon that the parties had no agreement with each other.

14.

In the fall of 2003, Plaintiff Tecon received copies of wire transfer forms from Hagama Vertrieb, GMBH, believed to be a German corporation. The wire transfer forms reflected the disbursement of loan funds to Plaintiff Tecon. These wire transfer forms were later determined to be fraudulent. No money from the loan funds had been disbursed to Plaintiff Tecon.

15.

On December 17, 2003, Hagama Vertrieb, GMBH, notified Plaintiff Tecon that for unknown reasons Defendant Hypovereinsbank would not disburse any of the loan proceeds.

16.

From July of 2003 until December of 2003, payments to Plaintiff Tecon from Shell Oil Company were deposited directly into the escrow account with Defendant Hypovereinsbank. The escrow account balance rose to more than $2.2 million over this period of time.

17.

On or about November 30, 2003, Plaintiff Tecon requested Defendant Hypovereinsbank to disburse $500,000 from the escrow account. That request was honored.

18.

On or about December 17, 2003, Plaintiff Tecon requested Defendant Hypovereinsbank to disburse an additional $600,000 from the escrow account. That request was not honored. Instead, the sum of $300,000 was wired to Plaintiff Tecon.

19.

On or about December 17, 2003, Plaintiff Tecon cancelled the loan agreement and demanded the entire balance of the escrow account, approximately $1.4 million, from Defendant Hypovereinsbank.

20.

On or about February 25, 2004, Harry Sharping, who is believed to be a German citizen, informed Plaintiff Tecon that approximately $480,000 had been disbursed from the escrow account to Defendants Ogbonyomi, APF and Asset Plus as a fee for arranging and processing the loan agreement. Mr. Scharping said he would send the balance in the account, approximately $902,000, to Plaintiff Tecon via Hypovereinsbank Wire Transfer No. AZHAM 25020473311 dated February 25, 2004.

21.

Plaintiff Tecon failed to receive the $902,000 wire transfer, so it instructed its local Nigerian bank to trace the wire transfer. Defendant Hypovereinsbank informed the local bank that no such wire transfer existed.

22.

Plaintiff Tecon has never received any portion of the approximately $1.4 million balance in the escrow account. Plaintiff Tecon has been informed by Defendant Hypovereinsbank that the entire balance of the escrow account has been withdrawn.

23.

Defendants, individually and collectively, have breached their contract with Plaintiff Tecon.

24.

Defendants, individually and collectively, have committed fraud upon Plaintiff Tecon.

25.

Defendants, individually and collectively, have engaged in the improper act of conversion of the funds of Plaintiff Tecon.

26.

Defendants, individually and collectively, have engaged in tortuous interference with the business relations of Plaintiff Tecon.

27.

Defendants, individually and collectively, have engaged in conspiracy to commit each of the above causes of action.

WHEREFORE Plaintiff Tecon seeks judgment against the above Defendants for compensatory damages, damages for loss of business, punitive damages, interest, attorneys' fees, and for such other relief that the Court deems equitable or just.

Respectfully submitted this 17th day of March, 2006.

MORREY & MAY, P.C.

Jay Harvey Morrey
Attorney for Plaintiff
State Bar No. 523494

2296 Henderson Mill Road
Suite 404
Atlanta, GA   30345
PH:  678-534-1980
FAX: 404-806-0624

11