IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TECON OIL SERVICES LIMITED,
a foreign corporation,

    Plaintiff,

v.

OLUWOLE OGBONYOMI, et al.,

    Defendants.

CIVIL ACTION NO.
1:06-CV-0656-JOF

**OPINION AND ORDER**

This matter is before the court on Defendant's motion to dismiss [6].

I.  **Background**

    A.  **Procedural History**

On March 21, 2006, Plaintiff, Tecon Oil Services Limited, filed suit against Defendants, Oluwole Ogbonyomi, APF Capital Management, LLC, Asset Plus Finance, LLC, and Hypovereinsbank, raising claims of breach of contract, fraud, conversion, tortious interference with business relations, and conspiracy. On May 8, 2006, Defendant Hypovereinsbank filed a motion to dismiss. As of the date of this order, Plaintiff has yet to respond to Defendant Hypovereinsbank's motion to dismiss.

AO 72A
(Rev.8/82)

**B.     Contentions**

Defendant Hypovereinsbank contends that this court should dismiss Plaintiff's complaint as to it for two reasons. First, Defendant claims that Plaintiff's complaint should be dismissed for insufficiency of process. Second, Defendant avers that the Plaintiff's complaint should be dismissed for failure to state a claim.

**II.    Discussion**

First, Defendant notes that its correct legal name is Bayerische Hypo-und Vereinsbank AG. It further states that Plaintiff attempted to serve "Hypovereinsbank" by sending a summons and the Complaint via certified mail to its subsidiary, HVB Capital Management, Inc. The summons was addressed to "Hypovereinsbank, c/o HVB Capital Managment, Inc., R.A." Defendant contends that this service was deficient

Service of process in the federal courts is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Rule 4(h) provides that service upon a corporation may be accomplished in the manner prescribed by state law for service upon an individual in subsection (e)(1), or by delivering the summons and complaint to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).

Service was attempted in New York, but this district court is located within Georgia, so this court will first look to the two states' laws for service upon individuals to see if

2

AO 72A
(Rev.8/82)

Plaintiff's actions complied with requirements for proper service upon individuals under Rule 4(e)(1).

Georgia requires service of process upon a corporation to be accomplished as follows: "If the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state, to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof." O.C.G.A. § 9-11-4(e)(1).

The party challenging service of process bears the burden of showing the impropriety. *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) (Forrester, J.). The Georgia Court of Appeals has found that "[n]either Georgia's general service of process statute (O.C.G.A. § 9-11-4) nor the corporate service statute (O.C.G.A. § 14-2-504) authorizes service on an agent of a domestic subsidiary as constituting proper service on the foreign parent corporation," so long as Parent had never directed subsidiary or subsidiary's agent to accept service of process on German parent's behalf. *Rovema Verpackungsmaschinen v. Deloach*, 232 Ga. App. 212, 214 (1998).

Along with its motion to dismiss, Defendant submitted an affidavit of Terrance Riley, III, the Managing Director of HVB Capital Management Inc., in which he states that HVB Capital Management, Inc., has not been appointed an agent for service of process on Bayerische Hypo-und Vereinsbank AG. Riley Aff., ¶ 4. Accordingly, it does not appear that service of process was properly effectuated under Georgia law.

In New York, some cases have found that service of process upon a subsidiary corporation can effectuate service on its parent under certain circumstances. *Van Wert v. Black and Decker, Inc.*, 667 N.Y.S.2d 770, 771-72 (N.Y. App. Div. 1998) (citing *Taca Intl. Airlines S.A. v. Rolls-Royce of England,* 15 N.Y.2d 97 (N.Y. 1965)).

In New York, there are three different methods for service of process. First, like the process in Georgia, the law of New York allows "personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: (1) upon a domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." CPLR § 311. Therefore, Plaintiff, by mailing service to Defendant Hypovereinsbank's subsidiary via certified mail, has not complied with CPLR § 311.

As an alternative to the method of personal service authorized by CPLR § 311, a plaintiff may serve a defendant by mailing a summons and complaint to the person or entity to be served. CPLR § 312. The mailing must be sent "by first-class mail, postage prepaid" and contain "a copy of the summons and complaint, or summons and notice or notice of petition and petition, together with two copies of a statement of service by mail and acknowledgment of receipt in the form" set forth in subsection (d) of CPLR § 312, "with a return envelope, postage prepaid, addressed to the sender." CPLR § 312. "[T]he use of certified instead of first class mail voids the service" under CPLR § 312. *Buggs v. Ehrnschwender*, 968 F.2d 1544, 1549 (2d Cir. 1992). Plaintiff's service by mail on

4

Defendant Hypovereinsbank was made via certified mail. It did not contain two copies of a statement of service by mail, acknowledgment of receipt, and a return envelope with postage prepaid and addressed to the sender. Riley Aff., ¶ 6. Thus, Plaintiff has failed properly to serve Defendant Hypovereinsbank under CPLR § 312.

Finally, under CPLR § 306, a Plaintiff may serve a domestic or foreign corporation by making service on the New York Secretary of State. As there is no indication in the record that Plaintiff has served the New York Secretary of State in the manner described in CPLR § 306, this cannot constitute effective service of Defendant Hypovereinsbank under the law of New York.

As Plaintiff has failed properly to serve Defendant Hypovereinsbank in either the manner prescribed by State of Georgia or by the State of New York, the court GRANTS Defendant Hypovereinsbank's motion to dismiss for insufficiency of process. Because the court has already found that Plaintiff has not properly served Defendant Hypovereinsbank, it is unnecessary for the court to address Defendant's arguments concerning Plaintiff's alleged failure to state a claim.

III.  Conclusion

The court GRANTS Defendant's motion to dismiss [6].

**IT IS SO ORDERED** this 13th day of October 2006.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE
