```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TECON OIL SERVICES LIMITED,

                    Plaintiff,
                                         07 Civ. 4698 (MGC)

     - against -                         MEMORANDUM OPINION


BAYERISCHE HYPO-UND VEREINSBANK;
OLUWOLE OGBONYOMI; APF CAPITAL
MANAGEMENT, LLC; ASSET PLUS FINANCE,
LLC; HARRY SCHARPING; and HAGAMA
VERTRIEB GMBH,

                    Defendants.
------------------------------------X
```

**Cedarbaum, J.**

Federal courts are courts of limited jurisdiction. This action arises only under state law, and was improvidently removed from state court.

On May 3, 2007, Tecon Oil Services Limited ("Tecon") commenced this action in the New York State Supreme Court for New York County. The complaint, which identifies Tecon as a "foreign corporation domiciled in Lagos, Nigeria," names six defendants, at least three of whom are also aliens: defendant Harry Scharping, "a German citizen with a domicile of Hamburg, Germany"; defendant Hagama Vertrieb GmbH, "a German corporation with a domicile of Hamburg,

1

Germany"; and defendant Bayerische Hypo-und Vereinsbank, "a German bank doing business in the United States with its . . . head office located in Germany."  (Compl. ¶¶ I, II, V, VII.)

On June 4, 2007, defendant Bayerische Hypo-und Vereinsbank filed a notice of removal to this court pursuant to 28 U.S.C. § 1441.  In the notice of removal, Bayerische identifies itself as "a corporation organized under the laws of the Federal Republic of Germany, with its principal place of business" in Munich (Notice of Removal ¶ 6.), and states that the federal courts have original jurisdiction over this action because the citizenship of the parties is diverse. (Id. ¶ 4.)

As here pertinent, the Judiciary Act, 28 U.S.C. § 1332(a), provides that "[t]he district courts shall have original jurisdiction of all civil actions . . . between . . . (2) citizens of a State and citizens or subjects of a foreign state; [and] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties."

As long ago as 1806, the Supreme Court announced the "complete diversity rule," requiring that the citizenship of every plaintiff must be diverse from the citizenship of every defendant in order to authorize the exercise of

2

diversity jurisdiction by a federal court.  <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806).

In the Second Circuit it is clear that diversity is lacking where there are aliens on both sides of a case. <u>E.g.</u>, <u>Universal Licensing Corp. v. Paola del Lungo S.p.A.</u>, 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking . . . where on one side there are citizens and aliens and on the opposite side there are only aliens."); <u>Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse</u>, 996 F.2d 506, 512 (2d. Cir. 1993) ("[T]he alignment of alien corporations as both plaintiffs and defendants defeats the allegation of diversity jurisdiction . . . ."); <u>ITT v. Vencap, Ltd.</u>, 519 F.2d 1001, 1015 (2d. Cir. 1975) ("Diversity jurisdiction under 28 U.S.C. § 1332 is defeated by the presence of aliens both as plaintiffs and as defendants.").  <u>See</u> <u>also</u> <u>Corporacion Venezolana de Fomento v. Vintero Sales Corp.</u>, 629 F.2d 786, 790 (2d Cir. 1980) ("We have held that the presence of aliens on two sides of a case destroys diversity jurisdiction.").

The sole plaintiff in this case is an alien.  At least one of the defendants is an alien.  Thus, complete diversity is lacking.  Accordingly, this court lacks subject matter jurisdiction over plaintiff's claims.

For the foregoing reasons, this action is remanded to the Supreme Court for New York County.  The Clerk of the Court is directed promptly to transfer the file to that Court.


    SO ORDERED.


Dated:    New York, New York
         June 20, 2007

                              S/_____
                                MIRIAM GOLDMAN CEDARBAUM
                            United States District Judge